**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**HEATHER O'NEILL-REIFF**
**2248 HENDRICKS STATION ROAD**
**HARLEYSVILLE, PA 19438**

**Plaintiff,**

**v.**

**DAVID STEINER, in his official capacity as POSTMASTER GENERAL AND CHIEF EXECUTIVE OFFICER AND HEAD Of THE UNITED STATES POSTAL SERVICE**
**1300 Pennsylvania Ave NW**
**Washington, DC 20004**
**475 L'Enfant Plaza SW,**
**Washington DC 20260**

**Defendant.**

## COMPLAINT

COMES NOW Plaintiff, Heather O'Neill-Reiff ("Plaintiff" or "O'Neill"), by and through undersigned counsel, and, pursuant to Fed. R. Civ. P. 7, and as a cause of action against Defendant, David Steiner, in his official capacity as Postmaster General and Head of the United States Postal Service ("Defendant" or "USPS") avers as follows:

## JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. §2000, as amended, including but not limited to section 703 *et. seq*. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1339, and

1343(4), and 29 CFR Part 1604, including but not limited to CFR Part 1604.11 as amended September 9, 2026.

Plaintiff has sustained damage and injury in excess of one hundred thousand dollars, exclusive of fees, penalties, costs, interest and punitive damages.

Plaintiff has exhausted her administrative remedies.

**VENUE**

2. Venue is proper in this district pursuant to 42 U.S.C. § 2000e–5(f)(3), and 28 U.S.C. §1346. A companion suit was filed on this date in the United States District Court for the District of Columbia, as Case No. 1:26-cv-03296.

**THE PARTIES**

3. Plaintiff O'Neill is an adult under no legal disability and is a citizen, resident, and domiciliary of the Commonwealth of Pennsylvania. Plaintiff is a white female.

4. USPS is an agency of the United States.

**STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS**

5. Plaintiff commenced her employment with the USPS in 2000 and has been employed continuously by USPS since that date.

6. Plaintiff's initial position with the USPS was as a rural letter carrier.

7. Plaintiff was assigned to the USPS Branch in Harleysville, Pennsylvania, (the "Branch") and has been employed by USPS at that branch continuously through this date.

8. At the time of her hiring, Plaintiff reported to and was under the supervision of branch postmaster Dennis McGuire.

9. Around 2018, USPS employee R ("Employee R") commenced work at the Branch Office.

10. Employee R was designated as Plaintiff's supervisor in 2019.

11. Employee R remained as Plaintiff's supervisor at the Branch until he was transferred on or about January 2024.

12. Employee R at all times pertinent hereto had the authority to and did direct Plaintiff's daily work activities.

13. Plaintiff reasonably believed that Employee R had the authority to direct Plaintiff's daily work activities.

14. Defendant empowered Employee R to take tangible employment actions against Plaintiff and to effect significant changes in Plaintiff's employment status, such as increasing Plaintiff's workload, and assigning undesirable tasks, failing to promote, reassignment with significantly different responsibilities, and decisions causing a significant change in benefits, such as overtime, work hours, and days off.

15. Plaintiff reasonably believed that Employee R had the authority to take tangible employment actions against Plaintiff and to effect significant changes in Plaintiff's employment status.

16. Commencing in September 2020, and continuing up to the time of his transfer, with respect to Plaintiff, Employee R engaged in unwelcome sexual advances, requests for sexual favors, verbal conduct of a sexual nature, physical conduct of a sexual nature, and sexual harassment here submission to such conduct was made a term or condition of Plaintiff's employment and submission to or rejection of such conduct was used by Employee R as the basis for employment decisions affecting plaintiff and such conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating hostile and offensive work environment. As Plaintiff described in part the misconduct by Employee R:

> This has been an ongoing issue for the past several years. (Employee R) has [repeatedly] harassed me and retaliated against me. He has [repeatedly] told me to make this EEOC go away. If not there will be dire consequences. He said the same things when I filed an EEOC in 2021. His harassment has not stopped since

> I filed my complaint online. Mr. McGowan has made threats to kill my family members because they are in the way of what he wants. He has made threats to bash in heads of coworkers. He has a metal baseball bat in his office. He has controlled where I park my personal car and will retaliate if I park somewhere else or will retaliate against any coworker who parks next to me.
>
> In June 2021 I met with postal inspector and let him know what I have had to deal with. He never followed through with what he said he was going to do. I had spoken to previous postmaster Tom McMenamin about these issues and Mc. McMenamin has witnessed Mr. McGowan[í]s [inappropriate] and [threatening] behaviors towards me. I have tried to file [grievances] with my union only to be told, î management is allowed to mismanage.ï

Employee R’s conduct included the following: the making in person, in private, and in front of others descriptions of particular sex acts he anticipates or expects or desires to perform with me, false claims about the existence of a sexual relationship, physical contact, expressions of his expectation of an intimate and permanent relationship, verbal attacks on my marriage and my family, and hostility toward male coworkers with whom I have friendships or cordial relationships including on one occasion proposing a fight with a coworker over “who gets possession of me,” interception of my personal mail, threats of physical harm, spraying me with cologne in order to create problems with my spouse, and threats of and implementation of adverse employment actions (the “Conduct”).

17. The Conduct was uniquely directed at Plaintiff by Employee R.

18. Defendant, its agents, and supervisory employees knew and should have known of the Conduct, and failed to take immediate or corrective or remedial action.

19. Plaintiff notified Defendant of the Conduct as follows: communications with postal inspectors, communications with multiple Branch postmasters, communications with the Lansdale Branch supervisor, communication with union representatives, and the USPS Employee Assistance Program.

20. On September 21, 2021, Plaintiff filed an EEOC complaint (the “2021 Complaint”).

21. Under threat from Employee R, Plaintiff withdrew the 2021 Complaint.

22. On June 24, 2022, Plaintiff filed a second EEOC complaint (the "2022 Complaint").

23. Other employees at the Branch notified Defendant of other misconduct by Employee R, but the sexual harassment was directed solely at Plaintiff.

24. Defendant failed to take timely preventative actions. Defendant failed to: affirmatively raise the subject; express strong disapproval; develop appropriate sanctions; develop methods to sensitive all Branch employees to the matter; and failed to take actions consistent with the EEOC's Enforcement Guidance and Compliance Manual.

25. Defendant negligently failed to prevent the harassment from taking place or from continuing. Defendant's failure, taking into account the degree and authority given by defendant to Employee R, included the failure to monitor the workplace, the failure to respond to complaints, and the discouragement of filing complaints.

26. On September 25, 2022, the Defendant delivered to Plaintiff a notice of right to file an individual complaint of discrimination.

27. On October 1, 2022, Plaintiff travelled to the Skippack Pennsylvania Branch to avoid detection by Employee R and timely placed in the mail at that Branch an EEO Complaint of Discrimination in the Postal Service. That complaint alleged harassment and a hostile work environment by Employee R.

28. On or about December 22, 2025, Plaintiff delivered a Supplement to Complaint of Discrimination in the Postal Service.

29. On or about January 7, 2026, the USPS noted the formal filing of a complaint of discrimination.

30. On February 6, 2026, Defendant delivered to Plaintiff a dismissal of Plaintiff's formal EEO complaint solely on the basis of timeliness. According to the decision: "you provide no proof of mailing or delivery."

31. On March 6, 2026, Plaintiff timely noted her appeal to the EEOC.

32. On or about March 19, 2026, Plaintiff, through counsel, notified Defendant that she was required to provide testimony in an otherwise undisclosed proceeding brought by Employee R against Defendant. Pursuant to that demand, Plaintiff met telephonically with counsel for Defendant and responded to all questions from counsel for Defendant, in preparation for her testimony. On March 30, 2026, at the request of Defendant, Plaintiff testified and answered questions under oath from both Defendant's counsel and from counsel for Employee R. On information and belief, in part as a result of the testimony from Plaintiff, Employee R's claims against Defendant were dismissed.

33. On June 26, 2026, the EEOC delivered to Plaintiff a Decision affirming Defendant's dismissal.

## COUNT I
## (Discrimination, Sexual Harassment, Hostile Work Environment By USPS and Supervisor)

34. Plaintiff adopts and incorporates herein by reference as is specifically set forth herein the allegations of paragraphs three through 29 of the Complaint.

35. Employee R was Plaintiff's supervisor. Employee R remained as Plaintiff's supervisor at the Branch until he was transferred on or about January 2024.

36. Employee R at all times pertinent hereto had the authority to and did direct Plaintiff's daily work activities. Plaintiff reasonably believed that Employee R had the authority to direct Plaintiff's daily work activities.

37. Defendant empowered Employee R to take tangible employment actions against Plaintiff. Plaintiff reasonably believed that Employee R had the authority to take tangible employment actions against Plaintiff.

38. Commencing in September 2020, and continuing thereafter, with respect to Plaintiff, Employee R engaged in the Conduct.

39. The Conduct was uniquely directed at Plaintiff by Employee R.

40. Defendant knew of the Conduct and of other forms of misconduct directed at other employees at the Branch.

41. Defendant, its agents, and supervisory employees knew and should have known of the Conduct, and failed to take immediate or corrective or remedial action.

42. Plaintiff repeatedly notified defendant of the Conduct.

43. On September 21, 2021, Plaintiff filed an EEOC complaint (the "2021 Complaint").

44. Under threat from Employee R, Plaintiff withdrew the 2021 Complaint.

45. On June 24, 2022, Plaintiff filed a second EEOC complaint (the "2022 Complaint").

46. Other employees at the Branch notified Defendant of other misconduct by Employee R, but the sexual harassment was directed solely at Plaintiff.

47. Defendant failed to take timely preventative actions. Defendant failed to: affirmatively raise the subject; express strong disapproval; develop appropriate sanctions; develop methods to sensitive all Branch employees to the matter; and failed to take actions consistent with the EEOC's Enforcement Guidance and Compliance Manual. Defendant negligently failed to prevent the harassment from taking place or from continuing. Defendant's failure, taking into account the degree and authority given by defendant to Employee R, included the failure to

monitor the workplace, the failure to respond to complaints, and the discouragement of filing complaints.

48. As a direct and foreseeable consequence of the Conduct, and the failure of defendant to take appropriate action, Plaintiff sustained damage and injury, including emotional distress, pain and suffering, anguish, fear and humiliation.

**COUNT II**
**(Negligence and Failure to Prevent Conduct)**

49. Plaintiff adopts and incorporates herein by reference as is specifically set forth herein the allegations of paragraphs three through 44 of the Complaint.

50. Employee R at all times pertinent hereto had the authority to and did direct Plaintiff's daily work activities. Plaintiff reasonably believed that Employee R had the authority to direct Plaintiff's daily work activities.

51. Defendant empowered Employee R to take tangible employment actions against Plaintiff. Plaintiff reasonably believed that Employee R had the authority to take tangible employment actions against Plaintiff.

52. Commencing in September 2020, and continuing thereafter, with respect to Plaintiff, Employee R engaged in the Conduct.

53. The Conduct was uniquely directed at Plaintiff by Employee R.

54. Defendant knew of the Conduct and of other forms of misconduct directed at other employees at the Branch.

55. Defendant, its agents, and supervisory employees knew and should have known of the Conduct, and failed to take immediate or corrective or remedial action.

56. Plaintiff repeatedly notified Defendant of the Conduct.

57. On September 21, 2021, Plaintiff filed an EEOC complaint (the "2021 Complaint").

58. Under threat from Employee R, Plaintiff withdrew the 2021 Complaint.

59. On June 24, 2022, Plaintiff filed a second EEOC complaint (the "2022 Complaint").

60. Other employees at the Branch notified Defendant of other misconduct by Employee R, but the sexual harassment was directed solely at Plaintiff.

61. Defendant failed to take timely preventative actions. Defendant failed to: affirmatively raise the subject; express strong disapproval; develop appropriate sanctions; develop methods to sensitive all Branch employees to the matter; and failed to take actions consistent with the EEOC's Enforcement Guidance and Compliance Manual.

62. Defendant negligently failed to prevent the harassment from taking place or from continuing. Defendant's failure, taking into account the degree and authority given by defendant to Employee R, included the failure to monitor the workplace, the failure to respond to complaints, and the discouragement of filing complaints.

63. As a direct and foreseeable consequence of the Conduct, and the failure of defendant to take appropriate action, Plaintiff sustained damage and injury, including emotional distress, pain and suffering, anguish, fear and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. An Award of actual damages, in an amount to be proven at trial;
b. An Award compensatory damages for sex discrimination, sexual harassment and hostile work environment;
c. An Award of reasonable attorneys fees and costs;
d. An Award of pre-judgment and post-judgment interest;
e. An Award of any and all further relief which the Court deems necessary and appropriate.

Respectfully Submitted,

________/s/_________________

Heather O’Neill-Reiff, *pro se*
2248 Hendricks Station Road
Harleysville, PA 19438
215-873-1848
workstuffrd1@yahoo.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Heather O'Neill-Reiff, 2248 Hendricks Station Road Harleysville, PA 19438, pro se

**(b)** County of Residence of First Listed Plaintiff: Montgomery Cty, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Musolino & Dessel PLLC, Philip M. Musolino, 1615 L St NW, Suite 440, Washington, D.C. 20036, 202-466-3883.

## DEFENDANTS

David Steiner, in his official capacity as PG and CEO and Head of the USPS,1300 PA Ave NW, Wash., DC 20004

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Civil Rights Act Title VII

Brief description of cause:
Discrimination against employee.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $100,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 09/21/2026

SIGNATURE OF ATTORNEY OF RECORD: Heather O'Neill, pro se

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.